HARDY, Judge.
In response to application of relator this Court, in the exercise of its supervisory-jurisdiction, caused to be issued alternative writs of mandamus directed to the Honorable O. E. Price, Judge of the Twenty-Sixth Judicial District Court in and for the Parish of Webster, State of Louisiana, ordering him to show cause why an order, which he issued against relator, should not be vacated and set aside. The return date of the writs was fixed for June 26, 1961. No answer to the writ was made by the said Judge, and the matter is now before this Court with reference to relator’s right to the perpetuation of the writs issued.
Relator’s application asserted that she is the plaintiff in Suit No. 21,218 on the docket of the Twenty-Sixth Judicial District Court; which suit was instituted for the purpose of obtaining a decree annulling a certain judgment rendered in said District Court in Suit No. 19,723 on the docket thereof; in addition to the nullity of the judgment complained of plaintiff sought further relief consisting of the reinstatement of a mortgage, and, alternatively, a decree ordering delivery of certain promissory notes as valid obligations of the makers thereof, together with an accounting by defendant, her divorced husband.
The action of nullity was the last of a series of suits between relator and her divorced husband primarily involving settlement of community property rights between the ■ parties.
Pertinent to the determination of relator’s action for nullity is the question as to the authority and extent thereof of the attorney who made an appearance and consented to certain stipulations allegedly detrimental to her interest in the suit in which she seeks the nullity of the judgment rendered.
After institution of relator’s suit for nullity certain interrogatories were propounded on behalf of defendant, among which were those which constitute the basis for this proceeding and are set forth below, together with the answers made thereto, as follows:
“No. 9: Did you at any time notify Mr. Hall, or Kenneth Rigby, Attorney at law, that J. Edwin Bailey, Jr. was not authorized to represent you either in the separation suit, the suit for income tax deficiency, or the mandamus suit or the community property settlement, or the payment by Mr. Hall of any sums of money for the transfer to you of any promissory notes and the release by you of any mortgages on lots in Plum Orchard Subdivision? If so, state when you so notified, who you so notified, and the manner in which you so notified them.”
“Answer: Mr. Bailey was authorized to represent me in the separation suit and the suit for Income Tax deficiency, so, of course, I did not notify Mr. Hall or Kenneth Rigby that Mr. Bailey was not authorized to represent me in these matters.
“As to the payment by Mr. Hall of any sums of money, or the transfer of any mortgage notes to me, or the release from my mortgage of any lots in Plum Orchard Subdivision, it was my understanding of the community property settlement agreement that these matters were to be handled with me direct. N'o one except myself had any authority to receive any payments on my mortgage note, or any property for my account, or to release any of my collateral security.”
“No. 10: Was or was not Mr. Bailey your attorney in Suit No. 19,732 on the docket of the 26th Judicial District Court, Webster Parish, Louisiana, entitled Joseph F. Hall v. Alveta T. Lassetter Hall, et all, being the suit for the cancellation of the mortgage, and the suit in which the judgment is *71 rendered which you now attack in this ' suit?”
“Answer: The facts concerning my knowledge of Suit No. 19,732 on the docket of the 26th Judicial District Court of Webster Parish, Louisiana, are set forth in my petition filed herein.”
“No. 11: Do you deny his authority to represent you as an attorney at law in that suit?”
“Answer: All I know about the suit referred to in this interrogatory is set forth in my petition filed herein.”
Following filing of answers to the interrogatories in question, the substituted parties defendant, being the sole surviving heirs of the original defendant, Joseph F. Hall, filed a motion alleging plaintiff’s answers as above set forth were evasive and unsatisfactory, praying for the issuance of a rule to show cause why she should not be compelled to answer the said interrogatories categorically as to the authorization of the attorney named. In answer to the rule relator affirmatively asserted that she had made a full disclosure of all facts within her knowledge in response to the interrogatories. After trial the court orally ordered relator “ * * * to answer positively whether or not J. Edwin Bailey, Jr., was authorized to represent her in said mandamus within ten days, or be subject to penalty for refusing so to do as might be fixed by the court.”
It is the above order of which relator complains in her application to this court.
Respondents answered relator’s petition for supervisory relief, and, inter alia, objected to her entitlement to such relief on the ground that the order was interlocutory and not subject to review under the supervisory jurisdiction of this court. Alternatively, respondents contended that the order was properly issued.
We are of the opinion that relator is entitled to a consideration of the relief which she seeks by application to this court under the authority of its supervisory jurisdiction. It is true that the order complained of is interlocutory in nature, but it is further true that plaintiff’s failure or inability to categorically answer the interrogatories propounded — in other words, a failure to comply with the specific order of the court — would subject her to penalties for contempt or other penalties which would be detrimental to her rights. Under such circumstances we have no hesitancy in concluding that the application properly presents a matter which falls within the supervisory jurisdiction of this court.
The crux of the issue presented by the application appears to us to require a determination of the question as to whether relator, having set forth all the facts within her knowledge, not only in her answers to the interrogatories in question but in the allegations of her petition, can be compelled to assert a legal conclusion which depends upon facts which may be established on trial. Conceding that the appearance of an attorney on behalf of a party litigant constitutes an implied authority which must be accepted by the court, it is nonetheless true that the nature and extent of the authority for such an appearance is subject to refutation or limitation by the asserted client. The resolution of this issue of authority necessarily involves a legal conclusion based upon all the facts which may be established in connection therewith.
Respondents urge in their brief in opposition to relator’s application that there is nothing in the Louisiana Discovery Act, LSA-R.S. 13:4867 which precludes interrogatories “ * * * pertaining to the contentions of a party with reference to an issue of fact.”
Conceding, arguendo, this interpretation, we are nonetheless of the opinion that “contentions” are entirely different from “legal conclusions”. Relator’s pleadings and representations in connection with this application clearly indicate the necessity for determining legal conclusions and this, per. *72 force, falls within the province of the Court.
Eor the reasons assigned the writs of mandamus heretofore issued are made absolute and, accordingly, the Honorable O. E. Price, District Judge of the Twenty-Sixth Judicial District Court in and for the Parish of Webster, State of Louisiana, is directed to recall and set aside his order of June 5, 1961, requiring relator to make further answer to the interrogatories propounded, and
It is further ordered that relator be and is relieved from further answering the same.
Costs of this application are taxed against respondents.